# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ECLIPSE LIQUIDITY, INC. § <br> Plaintiff, § <br> v. § <br> § <br> AVOR NAVIGATION LTD.; ADVANTAGE § <br> ARROW SHIPPING, LLC; GENEL § <br> DENIZCILIK NAKLIYATI A.S. A/K/A § <br> GEDEN LINES; ADVANTAGE TANKERS, § <br> LLC; ADVANTAGE HOLDINGS, LLC; and § <br> FORWARD HOLDINGS, LLC § <br> Defendants. § | | C.A. NO. 4:15-CV-01645 |
| PSARA ENERGY, LTD., § <br> Plaintiff, § <br> v. § <br> § <br> SPACE SHIPPING, LTD.; ADVANTAGE § <br> ARROW SHIPPING, LLC; GENEL § <br> DENIZCILIK NAKLIYATI A.S. A/K/A § <br> GEDEN LINES; ADVANTAGE TANKERS, § <br> LLC; ADVANTAGE HOLDINGS, LLC; and § <br> FORWARD HOLDINGS, LLC § <br> Defendants. § | | C.A. NO. 4:15-CV-01673 |
| TANK PUNK, INC., § <br> Plaintiff, § <br> v. § <br> § <br> SPIKE SHIPPING, LTD.; ADVANTAGE § <br> ARROW SHIPPING, LLC; GENEL § <br> DENIZCILIK NAKLIYATI A.S. A/K/A § <br> GEDEN LINES; ADVANTAGE TANKERS, § <br> LLC; ADVANTAGE HOLDINGS, LLC; and § <br> FORWARD HOLDINGS, LLC § <br> Defendants. § | | C.A. NO. 4:15-CV-01675 |

# DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO VACATE ATTACHMENTS AND DISMISS

The Advantage Defendants, making their appearance specially and not generally and pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Supplemental Rule for Admiralty or Maritime Claims E(8), and expressly reserving all defenses, particularly as to venue, personal jurisdiction, and subject matter jurisdiction, make this Reply to Plaintiff's Response to Defendants' Motion to Vacate the Claims (the "Response") filed in the above-captioned actions against the Advantage Defendants and/or vacate the attachment. For ease of reference, Defendants use and incorporate herein the same defined terms as in the Motion.

Plaintiffs' Response appears to raise doubt as to whether a Rule E hearing has been requested by the Advantage Defendants. The Advantage Defendants do request such a hearing, and the Motion to Dismiss is clearly brought pursuant to Rule E, which permits a party resisting ex parte attachment to obtain a prompt hearing. Moreover, Plaintiffs have recently attached an additional vessel in the Eastern District of Texas, having filed a nearly identical Rule B action captioned *Psara Energy, Ltd. v. Space Shipping, Ltd. et al.* under Civil Action number 1:15-cv-00355. The Advantage Defendants believe such attachments will continue until this matter is effectively resolved, and hence respectfully request a Rule E hearing as soon as the Court may find it convenient.

# I.     BACKGROUND

There appears to be no dispute regarding the burden of proof, the standard of review to be applied by the Court, or the elements needed for Plaintiffs to make out a *prima facie* case. However, in submitting additional materials to the Court, Plaintiffs are attempting to convert Defendants' Motion to Dismiss to a motion for summary judgment. Because the Complaints fail to contain the allegations necessary to make out a *prima facie* case, the additional documents submitted by Plaintiffs can be ignored. Ultimately however, it makes no difference whether Plaintiffs' additional materials are considered because they add nothing to Plaintiffs' case.

The paucity of Plaintiffs' allegations is further revealed by the request to take discovery in this case. Since Plaintiffs clearly cannot allege facts sufficient to support a veil piercing argument, they instead ask the Court for discovery. The Court should not grant such a fishing license on the basis of Complaints so devoid of merit.

Notably, Plaintiffs offer no new allegations or facts to support the Complaints, instead relying on the same conclusory statements as in the Complaints. It is now apparent that Plaintiffs are simply complaining that Geden sold assets belonging to Geden and in which Plaintiffs had no security or other interest. If the Court were to find that the sale of assets in such a circumstance

WFW 80385138v1
PD.18246983.1

justified piercing the corporate veil of the purchaser then commerce would come to a halt because no company could safely sell any of its assets and no buyer would be safe from claims such as the ones at hand. At the very least, there must be some colorable allegation that the complained of sale was improper. Here, there is no such allegation, only a general complaint that Plaintiffs, who allege no judgment or award against the Geden Defendants or security interest in the assets sold, are concerned that they may not be able to collect if they eventually win.

Fundamentally, Plaintiffs do not allege any way in which the sale of the vessels to Advantage was improper or fraudulent. Nor can they: the sale of the vessels was on an arm's length basis and was fully vetted by the lending institutions involved, which included different lenders than those involved with Geden.

Plaintiffs' attempts to explain away the failure to name Geden Holdings as a defendant are similarly weak. Rather than admit the obvious – that Geden Holdings is a link in the chain of companies sketched out by Plaintiffs themselves – Plaintiffs make the unsustainable argument that Geden Holdings is not included because Geden Holdings is not a party to the charters Plaintiff alleges were breached. (Response p.3). Plaintiffs aver this is the case even though Geden Holdings is alleged to have entered into the charters and remained a guarantor. (*Id.*). Plaintiffs also ignore their other allegations that Geden Holdings owned

Geden Lines, and was in turn owned by the Cukurova Group. (Complaints ¶¶ 18 and 21).

Plaintiffs resort to strawman arguments not made by Defendants. For example, Plaintiffs advise the Court that they need not plead a security interest to file a Rule B action. (Response, p. 4). However, there is no argument advanced by Defendants that this is the case. Instead, as an actual reading of Defendant's papers shows, Defendants have argued that Plaintiffs cannot be disadvantaged by the arm's length sale of assets in which they had no security or other pecuniary interest. (Motion to Dismiss, pp. 21-22). Plaintiffs make no effort to challenge the case law cited by the Advantage Defendants on this point, essentially conceding the issue. Plaintiffs also attempt to take the Advantage Defendants to task for arguing that there "can be no Rule B recourse against a performance guarantor's assets". (Response p.4). Whether or not this is true (and Plaintiffs cite no cases in support), it is not an argument made by the Advantage Defendants.

In order to refute Plaintiff's remaining arguments, Defendants address each relevant point in turn:

1. **<u>Plaintiffs have not pled an alter ego relationship between Geden Holdings, Ltd. and the Defendants</u>**

Ignoring the facts alleged in the Complaints, Plaintiffs argue that they have not pled that Geden Holdings is an alter ego of the Advantage Defendants. (Response, p. 10). As the Motion to Dismiss sets out, Plaintiffs have simply

WFW 80385138v1
PD.18246983.1

omitted Geden Holdings from the caption of the case and not named it as a defendant.  However, the Complaints clearly allege that Geden Holdings is a link in the chain of alter ego entities alleged by Plaintiffs: Without this company as a named defendant, there is no link between Geden Lines (Complaints ¶ 18) and the Cukurova Group (Complaints ¶ 21).  Without this link, the veil piercing allegations must fail.

Plaintiffs also argue that they have not alleged that Geden Holdings is their contractual counterparty (Response p. 10, Section 1).  This is impossible to square with Plaintiffs' allegation that they have chartered vessels to "Geden Holdings Limited, Malta or nominee always guaranteed by Geden Line." (Complaints ¶ 10).

Plaintiffs also seek to deny that they have alleged that Geden Lines is owned by Geden Holdings.  However, the Complaints clearly allege that Geden Lines' corporate parent is Geden Holdings (Complaints ¶ 26).  Thus, while Plaintiffs now protest otherwise, it is clear that the factual allegations exposed as deficient in the Motion to Dismiss are those actually made by Plaintiffs.

## 2. **Defendants are not attempting to pierce their own corporate veil**

Plaintiffs, relying on the omission of a necessary party to this matter, appear to believe that the Advantage Defendants are trying to pierce their own corporate veil.  As more fully explained in the Motion to Dismiss and this Reply, the Advantage Defendants make no such argument.  Instead, the Advantage

Defendants are simply arguing that Plaintiffs' failure to name one of the companies in the chain of ownership alleged is fatal to the claim.  Since Plaintiffs do not link the ownership of Geden Lines to the Cukurova Group, they cannot colorably allege that the Cukurova Group, or its parent, has common ownership of both the Geden Defendants and the Advantage Defendants.  Put another way, if Geden Holdings is not in the chain of companies alleged to be alter egos, there is nothing to connect Geden Holdings to the Cukurova Group and then to the Karamehmet family.

### 3. **Defendant Geden Holdings is present in the District**

Plaintiffs' omission of Geden Holdings from their allegations is not an error, but a strategic decision to avoid including a defendant that is "present within the district."  Fed. R. Civ. P. Supp. B.  If Plaintiffs had included Geden Holdings in their suit, they could not have attached Defendants' vessels because the Federal Rules of Civil Procedure do not permit attachment when a defendant is present within the same district as the *res* being attached.  In other words, Plaintiffs seek to have their cake and eat it too by attaching Defendants' vessels under a strained veil piercing theory yet conveniently omitting a party that is central to those very same claims.

A defendant is present within the district when "1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process." *Heidmar, Inc. v Anomina Ravennate Di*

*Armanento Sp.A. of Ravenna*, 132 F.3d 264, 268 (5th Cir. 1998).

Geden Holdings is registered to do business in Texas. *See* Texas Secretary of State Filing, attached as Exhibit A. It also has an office in Houston, Texas, at 4265 San Felipe, Suite 1100, Houston, TX 77027. *See* Yellow Pages business listing for Geden Holdings, attached as Exhibit B. Additionally, Geden Holding's Houston office has a published telephone number where it can reached at 713-960-6609.

By every practical measure, Geden Holdings can be found within the district. To rule otherwise, the Court would create a new and more stringent test requiring businesses to somehow prove their presence beyond registering to do business within the state, being subject to service within the district, and having a physical office and working phone number within the district.

Plaintiffs argue that Geden Holdings cannot be found within the district because its registered agent is not within the U.S. Southern District of Texas. However, Plaintiffs mistakenly base this entire argument on *LaBanca v. Ostermunchner*, 664 F.2d 65 (5th Cir. 1981). In that case, no evidence was presented indicating that the defendant whose vessel was attached in Florida had an office, telephone number, or agent for service of process within that state. To prove that it could be found within the district, the defendant relied solely on a Florida statute that permitted service on any foreign entity to be accomplished by

serving Florida's Secretary of State as the defendant's appointed agent. *Id.* at 67. The U.S. Fifth Circuit held that this was insufficient to show that a defendant was present within the district, and it could not vacate a Rule B attachment. *Id.* at 68.

Geden Holdings' circumstance is entirely distinguishable. It is not relying on a default agent for service of process created by law—it is registered to do business in Texas and publishes the address of its own agent for anyone who desires to file suit against it in Texas. Also, unlike the defendant in *LaBanca* who was able to escape personal service by fleeing the country, Geden Holdings has a physical office and telephone number in Houston, Texas.

Clearly, Geden Holdings is present within the U.S. Southern District of Texas. If Plaintiffs do not include Geden Holdings in their suit, Plaintiffs' veil-piercing claims fail as a matter of law because there is no other alleged link in the chain of companies identified by Plaintiffs connecting Geden Lines to the Cukurova Group and Karamehmet family. If Plaintiffs include Geden Holdings in their suit, Plaintiffs' attachments must be vacated because Geden Holdings is present within the district.

### 4. There are Only Conclusory Allegations of Control and Domination

The allegations of control and domination in the Complaints are all conclusory and have no factual specificity. Plaintiffs urge the Court to consider the unconsummated Geden Lines restructuring plan as creating "circumstances"

that show control and domination. (Response p. 15). Plaintiffs attempt to force the allegations of the Complaints into the factors set out by the Fifth Circuit in *Oxford Capital Corp. v. U.S.*, 211 F.3d 280, 284 n.2 (5th Cir. 2000), but this effort merely reveals Plaintiffs' failure to allege facts in support of these factors.

**(i)** **The parent and subsidiary are not alleged to have common stock ownership.**

Plaintiffs do not allege that Advantage is a subsidiary of Geden, so this factor does not support Plaintiffs' argument. Even if Plaintiffs did make such an allegation, the structure Plaintiffs allege is improper is simply that one member of the Karamehmet family was ultimately a shareholder in the Geden Defendants while a different family member is ultimately a shareholder in the Advantage Defendants. There is no allegation that the <u>same people</u> held stock in both companies. (*See* Complaints). Plaintiffs cite no authority for the proposition that veil piercing is appropriate where two members of the same family own stock in different corporations. Instead, Plaintiffs cleverly blur the lines between the two companies by continually referring to the proposed Geden Lines restructuring, not the current ownership structure.

**(ii)** **The parent and subsidiary have common directors or officers**

As with the preceding factor, there is no allegation that Advantage is a subsidiary of Geden, and hence this factor is clearly unmet. To the extent Plaintiffs' papers can be read as making such an allegation, the alleged link is with


WFW 80385138v1
PD.18246983.1

Geden Holdings (Response, p. 19), which Plaintiffs have not named as a defendant in this matter. Without this link in the chain of ownership, the alter ego claims must fail.

### (iii) The parent and subsidiary have common business departments

Desperate to show some common link between Advantage and Geden, Plaintiffs misleadingly identify the technical manager of the Vessel, Genel Denizcilik Naklaiyati A.S., as a "common business department". However, as the Response clarifies, this entity is simply the third-party manager of the Vessel, not a department of a parent company that is also servicing the needs of a subsidiary. (Response p. 20). As with Plaintiffs' other allegations, this is not consistent with typical veil-piercing cases where the alleged corporate structure is vertical. Instead, Plaintiffs ask the Court to find that the use of the same manager is sufficient grounds to pierce the corporate veils of any company using that manager. (Response p. 20). Unsurprisingly, Plaintiffs cite no precedent for such a theory, and this factor is of no help to Plaintiffs' argument.

### (iv) The parent and subsidiary file consolidated financial statements

Plaintiffs do not allege that Advantage and Geden file consolidated financial statements. Instead, Plaintiffs merely allege that the unconsummated Geden restructuring plan was based on the Geden Lines accounts. This is of no import, since there is not an allegation that Advantage and Geden file consolidated

- 11 -

WFW 80385138v1
PD.18246983.1

financial reports. In the typical corporate veil-piercing case, the parent and subsidiary are alleged to blur the lines between their own finances: This action is devoid of such an allegation, and is yet another area where Plaintiffs are effectively asking the Court to make new law.

### (v) The parent finances the subsidiary

Plaintiffs do not allege that Geden Lines finances Advantage. Instead, Plaintiffs again try to blur the lines by alleging that a completely different vessel, M/T ROYAL, obtained repairs that were paid for by Geden Lines when that vessel was owned by Geden Lines. There is nothing inappropriate about the previous owner paying for repairs to a ship that it owned at that time. With respect to the Advantage Defendants, Plaintiffs merely allege that Advantage Tankers guaranteed the obligations of its subsidiary, Advantage Arrow. Without an allegation that Geden guaranteed obligations of Advantage, or vice versa, this allegation is unavailing.

### (vi) The parent caused the incorporation of the subsidiary

Plaintiffs do not allege that Geden created the Advantage Defendants. Instead, Plaintiffs ask the Court to "infer" that the abandoned Geden Lines restructuring plan must have required Geden to organize the Advantage Defendants (Response p. 21). While Plaintiffs are free to speculate, it cannot be true that Geden Lines both organized the Advantage Defendants and has no actual

- 12 -

WFW 80385138v1
PD.18246983.1

ownership interest (compare Response p. 19, section (i) with Response p. 21 (vi)). In any event, as Plaintiffs essentially concede, this allegation is mere speculation.

**(vii)  The subsidiary operated with grossly inadequate capital**

At the outset, this allegation is directly contradicted by the large amounts of cash security posted by the Advantage Defendants to gain the release of the Vessel. (*See* Eclipse docket). Even if this were not sufficient evidence that the Advantage Defendants are sufficiently capitalized, Plaintiffs' allegations of cash flow challenges are all in relation to Geden Lines. To the extent there is merit to these allegations, they are not alleged to impact Advantage. Indeed, what Plaintiffs are really alleging is that Geden Lines suffered cash flow problems in a depressed shipping market and sold some of its assets to cover the short fall. (*See* Complaints). There is nothing improper about such an action, assuming that any security interests in the assets sold were satisfied. Since Plaintiffs make no allegations that they had any such interest in any of the vessels sold by Geden, or that this sale was on anything other than an arm's length basis, this factor does not support Plaintiffs' case.

**(viii)  The parent pays salaries and other expense of the subsidiary**

Plaintiffs concede they have no evidence or allegations related to this factor.

**(ix)  The subsidiary receives no business except that given by the parent**

The allegations on this point are unclear, but to the extent that the Vessel

remains employed under a long-term charter negotiated by the commercial manager, this allegation is without consequence. Plaintiffs do not allege that Geden obtains employment for the Vessel that Geden then has Advantage perform. The fact that the Vessel was sold while under charter, and that the buyer was required to assume that charter, is simply not actionable (and in fact is common in many other transactions, such as real estate sales).

**(x)     The parent uses the subsidiary's property as its own**

Lacking any factual information upon which an allegation might be made, Plaintiffs again resort to speculation, alleging that the unconsummated Geden Lines restructuring plan is evidence that Geden Lines uses Advantage's property as its own. (Response p. 22). Since Plaintiffs do not allege that Geden has any access to Advantage's property, let alone the use of such property, Plaintiffs fail to meet this criteria.

**(xi)    The daily operations of the two corporations are not kept separate**

Plaintiffs rely heavily on conflating the use of a common third-party management company with common ownership. However, Plaintiffs fail to allege that Geden Lines and the Advantage Defendants intermingle cash, assets, or any other aspect of their operations. There is nothing improper about employing a third-party technical manager, and Plaintiffs concede that the Advantage Defendants are in fact required to do so by their lenders (Response p. 22). As with

Plaintiffs' other allegations related to the control and domination of the Advantage Defendants by the Geden Defendants, there is simply no colorable allegation that the Geden Defendants, other than the third-party technical manager, are involved with the Advantage Defendants in any way.

**(xii) The subsidiary does not observe corporate formalities**

Although this is one of the most important indicia of a common business enterprise, Plaintiffs concede they can make no allegation in this regard.

## **CONCLUSION**

Plaintiffs' attachment of the Vessel is ultimately based on two allegations that are not actionable: that Geden sold certain assets in which Plaintiffs had no security interest and that two different members of the same family have held stock in the two groups of Defendants. Plaintiffs cannot cite a single case in which two companies under entirely separate ownership have been found to be alter egos, nor can they cite a case finding that stock held by two different people should be treated as under common ownership. In addition, Plaintiffs' allegations of domination and control are devoid of actual allegations that the Geden Defendants control the Advantage Defendants.

Since all of Plaintiffs' allegations are essentially conclusory, they have failed to make out a *prima facie* case, and the Complaints are hence susceptible to dismissal. Moreover, the deliberate omission of an entity alleged to be a critical

link in the alleged chain of alter ego companies supports the dismissal of the Complaints for failure to join a necessary party.

Under these circumstances, unless Plaintiffs can allege some interest in the Vessel or allege that it was not sold for fair market value, the Complaints must be dismissed.

Respectfully submitted,

*s/ Marc G. Matthews*
Marc G. Matthews
Texas Bar #24055921
Federal ID No. 705809
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE**
**FOR DEFENDANTS ADVANTAGE**
**ARROW SHIPPING, LLC;**
**ADVANTAGE TANKERS, LLC;**
**ADVANTAGE HOLDINGS, LLC;**
**AND FORWARD HOLDINGS, LLC**

OF COUNSEL:
**Phelps Dunbar LLP**
Brian D. Wallace (LA Bar #17191; Fed. ID 205890)
wallaceb@phelps.com

and

**Watson, Farley, and Williams (New York) LLP**
Neil Quartaro (admitted Pro Hac Vice)
nquartaro@wfw.com
John Kissane (admitted Pro Hac Vice)

jkissane@wfw.com
1133 Avenue of the Americas, 11th Floor
New York, New York 10036

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was electronically filed with the Clerk, with a copy served electronically by the Clerk or by the undersigned on this the 16th day of October, 2015 upon all counsel of record.

                                       *s/ Marc G. Matthews*
                                       Marc G. Matthews

WFW 80385138v1
PD.18246983.1