# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ECLIPSE LIQUIDITY, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:15-CV-01645** |
| | § | |
| **AVOR NAVIGATION LTD.; ADVANTAGE** | § | |
| **ARROW SHIPPING, LLC; GENEL** | § | |
| **DENIZCILIK NAKLIYATI A.S. A/K/A** | § | |
| **GEDEN LINES; ADVANTAGE TANKERS,** | § | |
| **LLC; ADVANTAGE HOLDINGS, LLC; and** | § | |
| **FORWARD HOLDINGS, LLC** | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **PSARA ENERGY, LTD.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:15-CV-01673** |
| | § | |
| **SPACE SHIPPING, LTD.; ADVANTAGE** | § | |
| **ARROW SHIPPING, LLC; GENEL** | § | |
| **DENIZCILIK NAKLIYATI A.S. A/K/A** | § | |
| **GEDEN LINES; ADVANTAGE TANKERS,** | § | |
| **LLC; ADVANTAGE HOLDINGS, LLC; and** | § | |
| **FORWARD HOLDINGS, LLC** | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **TANK PUNK, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:15-CV-01675** |
| | § | |
| **SPIKE SHIPPING, LTD.; ADVANTAGE** | § | |
| **ARROW SHIPPING, LLC; GENEL** | § | |
| **DENIZCILIK NAKLIYATI A.S. A/K/A** | § | |
| **GEDEN LINES; ADVANTAGE TANKERS,** | § | |
| **LLC; ADVANTAGE HOLDINGS, LLC; and** | § | |
| **FORWARD HOLDINGS, LLC** | § | |
| **Defendants.** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY TO MOTION TO VACATE ATTACHMENTS AND DISMISS

The Advantage Defendants, making their appearance specially and not generally and pursuant to Federal Rule of Civil Procedure Supplemental Rule for Admiralty or Maritime Claims E(8), and expressly reserving all defenses, particularly as to venue, personal jurisdiction, and subject matter jurisdiction, make this Response to Plaintiffs' Motion to Strike Defendants' Reply to Motion to Vacate Attachments and Dismiss (the "Motion").

Plaintiffs ask the Court to strike Defendants' Reply because they allege that the Local Rules prohibit filing a Reply after the automatic 21-day submission deadline provided for in Local Rule 7.3. However, Plaintiffs cite no authority for this proposition and acknowledge that the U.S. Southern District of Texas "routinely allows replies to motions" unless there is a "persuasive reason" to strike them. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 733 (S.D. Tex. 2013)(Lake, J.).

Plaintiffs generally complain of Defendants' alleged "delay" in filing their Reply. However, Plaintiffs cannot explain why the date Defendants filed their Reply constitutes a "persuasive reason" to strike it. Plaintiffs cannot explain how they are prejudiced by the timing of the filing of Defendants' Reply. Indeed, if any party were to be prejudiced by delay, it would be Defendants, who are entitled by

WFW 80385138v1
PD.18269702.1

Supplemental Admiralty Rule E to a "prompt hearing" on their Motion to Vacate Attachments. Plaintiffs' claims are currently fully secured by their various ex-parte attachments, and they cannot explain why filing a reply after the submission deadline constitutes a "persuasive reason" to strike it. Defendants should be given the benefit of any doubt regarding the submission of additional argument because they seek to defend their property from seizure by Plaintiffs' wrongful attachment.

Plaintiffs misconstrue the Local Rules' automatic submission deadline as the close of all allowed briefing, and they cite no authority in support of their construction of the Rules. The Local Rules only provide that a responding party must file its <u>response</u> by the submission deadline. *See* S.D. Tex. L.R. 7.3, 7.4. The Court may rule on a motion any time after the submission deadline, even before a reply is filed, but the Local Rules do not restrict a party's right to file a reply. Plaintiffs confuse Defendants' right to file a reply with the convention that requires leave of court before filing a sur-reply.

Judge Werlein referred Defendants' Motion to Vacate to the Magistrate Judge on October 2, 2015. Although the filing of reply motions is not addressed by the Local Rules, Judge Werlein's Procedures, or Magistrate Stacy's Procedures, in an abundance of caution counsel for Defendants contacted the Magistrate's case manager on October 7, 2015, and asked if the Court would require Defendants to formally request permission before filing their Reply. Counsel was informed that

- 3 -

it was unnecessary to request permission, but that any reply should be filed in the near future.  Defendants filed their reply on October 16, 2015.  *See* Dkt. No. 25.

In the end, Plaintiffs make much ado about nothing.  Defendants' Reply contains no additional evidence, but merely argument meant to aid the Court and clarify the Parties' positions.  In Plaintiffs' Motion to Strike, Plaintiffs request permission to file a sur-reply to address "new issues" supposedly raised in Defendants' Reply regarding the attachment of other vessels outside of the U.S. Southern District of Texas.[1]  Although Plaintiffs' Motion does not contain a certificate of conference, had they approached Defendants' counsel they would have learned that Defendants would be unopposed to the filing of a sur-reply so long as the sur-reply is limited to addressing the attachment of the sister vessel in the Eastern District of Texas – the only alleged "new issue" raised in the Defendants' Reply.  Defendants are not opposed to further briefing that may clarify salient issues for the Court.

Plaintiffs have not cited any authority or identified a "persuasive reason" indicating that the Court should strike Defendants' Reply.  Defendants' Reply has been filed to clarify their argument and to protect their property from Plaintiffs'

---

[1]     In Defendants' Reply, only one mention is made of vessels that Plaintiffs have attached in other districts.  *See* Defendants' Reply at 2, Dkt. No. 25.  Defendants simply identify the existence of another suit where one of the same Plaintiffs (Psara Energy, Ltd.) has attached a vessel against the alleged interests of some of the same Defendants (Space Shipping, Ltd., etc.).  1:15-cv-00355 (E.D. Tex.).  Such a cursory acknowledgement of the existence of another suit between the same parties is insufficient to throw open the door for additional argument or evidence.

wrongful attachment and over-reach.  For these reasons, Defendants ask the court to deny Plaintiffs' Motion to Strike.

Respectfully submitted,

*s/ Marc G. Matthews*
Marc G. Matthews
Texas Bar #24055921
Federal ID No. 705809
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS ADVANTAGE
ARROW SHIPPING, LLC;
ADVANTAGE TANKERS, LLC;
ADVANTAGE HOLDINGS, LLC;
AND FORWARD HOLDINGS, LLC**

OF COUNSEL:
**Phelps Dunbar LLP**
Brian D. Wallace (LA Bar #17191; Fed. ID 205890)
wallaceb@phelps.com

and

**Watson, Farley, and Williams (New York) LLP**
Neil Quartaro (admitted Pro Hac Vice)
nquartaro@wfw.com
John Kissane (admitted Pro Hac Vice)
jkissane@wfw.com
1133 Avenue of the Americas, 11th Floor
New York, New York 10036

WFW 80385138v1
PD.18269702.1

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed with the Clerk, with a copy served electronically by the Clerk or by the undersigned on this the 23rd day of October, 2015 upon all counsel of record.


*s/ Marc G. Matthews*
Marc G. Matthews

WFW 80385138v1
PD.18269702.1