UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANK PUNK, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:15-CV- |
| SPIKE SHIPPING LTD.; | § | 1645 |
| ADVANTAGE ARROW SHIPPING, | § | |
| LLC; GEDEN HOLDINGS LTD.; | § | |
| GENEL DENIZCILIK NAKLITAYI | § | Consolidated with 4:15-CV- |
| A.S. A/K/A GEDEN LINES; | § | 1675 |
| ADVANTAGE TANKERS, LLC; | § | |
| ADVANTAGE HOLDINGS, LLC; | § | |
| MEHMET EMIN KARAMEHMET | § | ADMIRALTY |
| and GULSUN NAZLI | § | |
| KARAMEHMET WILLIAMS | | |

## ADVANTAGE DEFENDANTS' PARTIAL OBJECTION TO MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO VACATE ATTACHMENTS AND DISMISS

Defendants Advantage Arrow Shipping, LLC, Advantage Tankers, LLC, and Advantage Holdings, LLC, (collectively, "Advantage Defendants") file this Partial Objection to the Magistrate Judge's July 6, 2016 Memorandum and Recommendation Granting Defendants' Motion to Vacate Attachments and Dismiss (Doc. 64) ("the Recommendation").

The Advantage Defendants respectfully request that, should the Court adopt the Recommendation (which the Advantage Defendants urge the Court to do), the docket be left open and the matter referred back to the Magistrate

Judge for consideration of the Advantage Defendants' request for attorneys' fees and costs pursuant to the English law contract alleged by Plaintiff.[1]

Plaintiff obtained the *ex parte* attachment of approximately $2,000,000 in property owned by the Advantage Defendants upon a Verified Complaint alleging that all the defendants in this matter are alter ego entities. The Advantage Defendants moved to vacate the attachment and requested the prompt hearing required under Rule E of the Supplemental Rules for Admiralty or Maritime Claims, but Plaintiff represented that there were significant factual issues that needed to be discovered prior to the Rule E hearing. Plaintiff was thereafter allowed to conduct discovery on the allegations in its Verified Complaint. The Parties conducted extensive discovery, deposing Plaintiff's only witness in Houston and three individuals involved with the Advantage Defendants in London, England. Over 5,000 pages of documents were produced by the Advantage Defendants, following which Magistrate Judge Stacy held an evidentiary hearing on February 9, 2016. Following the hearing and additional briefing, Magistrate Judge Stacy issued the Recommendation.

---

[1] While the Advantage Defendants have not filed a formal motion for an award of attorneys' fees and costs, they have prayed for such relief in their various filings. *See, e.g.,* Defendants' Motion to Vacate Attachments and Dismiss, Doc. 16 at 24-25; Defendants' Evidentiary Brief, Doc. 43 at 22-23; and Defendants' Amended Motion to Vacate Attachment and Dismiss, Doc. 52 at 19. In the interest of judicial economy, and there being no real dispute as to the facts or law applicable to this motion, the Advantage Defendants respectfully note that, should the Court desire, the instant Partial Objection to the Memorandum and Recommendation can be treated as a Motion for Attorneys' Fees and Costs.

PD.19750437.1

In the Recommendation, Magistrate Stacy relied on uncontroverted evidence to agree with Defendants that Plaintiff has failed to adduce "*any* evidence that: (1) the Geden Group Defendants actually exercise(d) any dominion or control over the Advantage Defendants; (2) Defendant[s] Karamehmet and Williams conspired or colluded in connection with the sale of the Geden Group Defendants' assets; or (3) that there was any fraud or wrong associated with the sale of the Geden Group Defendants' assets which has resulted in injury to Tank Punk." (Recommendation, p. 12) (emphasis in original).

## *The Advantage Defendants Should Be Awarded Their Reasonable Attorneys' Fees and Costs Under the English Law Contract Alleged by Plaintiff*

Plaintiff sued the Advantage Defendants alleging liability pursuant to a charterparty governed by English law. (Docket 47-1 ¶ 30(a)). Under English law, the prevailing party in a dispute is generally awarded its attorneys' fees and costs in defending the action. ("English law generally provides that successful litigants are entitled to recoup their attorneys' fees as costs of litigation in civil suits." *Barden Miss. Gaming, LLC v. Great N. Ins. Co.*, 2010 WL 2694983, at *4 (N.D. Miss. July 2, 2010); "Under the English rule the prevailing party is entitled to attorney's [sic] fees as part of the costs." *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 211

PD.19750437.1

(S.D.N.Y. 2006); *see also Csaky v. Meyer*, 1995 WL 494574, at *2 (S.D.N.Y. Aug. 18, 1995 ); *J. Barbour & Sons, Ltd. v. Taftco, Inc.*, 1989 WL 49518, at *3 (E.D. Pa. May 8, 1989); *Bensen v. Am. Ultramar Ltd.*, 1997 WL 317343, at *7 (S.D.N.Y. June 12, 1997)). Should the Court adopt the Recommendation and find in favor of the Advantage Defendants, they will be the prevailing party and hence should be awarded their reasonable attorneys' fees and costs.

The Advantage Defendants are well aware of the "American Rule" under which parties typically pay their own fees and costs "absent statute or enforceable contract" to the contrary. *Texas A&M Research Found. v. Magna Transp.*, Inc. 338 F.3d 394, 405, 2003 A.M.C. 1839 (5th Cir. 2003). The American Rule against awarding fees gives way when the parties contractually provide for the recovery of attorneys' fees by the prevailing party. *See Tucker Energy Servs., Ltd. v. Hydraquip Corp.*, 2007 WL 2409571, *1 (S.D.Tex. August 20, 2007); *Scott Chotin, Inc. v. Merchants Transp., Inc.*, 1992 WL 84294, *1 (E.D.La. April 22, 1992).

One way parties to a contract can agree to an award of attorneys' fees and costs to the prevailing party is by agreeing that the underlying contract will be subject to English law. Colloquially termed the "English Rule," English law allows for the recovery of attorneys' fees and costs by the prevailing party, and the Fifth Circuit has made clear that a choice-of-law provision embracing English law encompasses an award of attorneys' fees.

PD.19750437.1

*Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993) ("the parties' choice of law governs both the interpretation of the contract and the award of attorneys' fees").

Cases beyond the Fifth Circuit are in accord and have explained that by agreeing that English law governs the contract, "[i]t is as though the law of [England] were incorporated into the agreement by reference." *See e.g., Shimon Y. KATZ, et al. v. Berisford Int'l PLC*, 2000 WL 959721, *8 (S.D.N.Y. July 10, 2000) (Judge Koeltl) (parties' choice of English law interpreted as encompassing English Rule, despite fact that contract did not expressly address attorneys' fees); ("[T]he contract clause selecting English law incorporates the English rule on attorneys' fees, and the prevailing party in this litigation will be entitled to recover such fees." *RLS Assocs.,* 464 F. Supp. 2d at 220).

Although the Fifth Circuit has not squarely addressed this issue in a maritime context, *Capital Bank, PLC v. The M/Y BIRGITTA et al.*, 2010 WL 4241584 (C.D.Ca., Oct. 18, 2010), is particularly insightful. In *Capital Bank*, the defendant defaulted under a maritime contract containing a choice-of-law provision calling for the application of English law. (*Id.* at *2). In addressing the plaintiff's motion for attorneys' fees, the Court held that the plaintiff was entitled to attorneys' fees as the prevailing party. (*Id.*). The Court explained that "where the parties specify in their contractual agreement which law will

apply . . . admiralty courts will generally give effect to that choice." (*Id.* at *1). As the parties in *Capital Bank* chose English law to govern their agreement, the English Rule applied. (*Id.* at *2).

Here, there is no doubt that the underlying "[c]ontract shall be governed by and construed in accordance with English law." (Docket 47-1 ¶30(a); Docket 47 ¶ 27 – 29, Ex. 1). Having relied on that language to plead for its own attorneys' fees and costs, Plaintiff should be estopped from disputing that the prevailing party is entitled to attorneys' fees. Just as in *Capital Bank*, where the Court concluded that the choice of English law provided sufficient grounds for the prevailing party's request for fees, this Court should give effect to that choice and award the Advantage Defendants their attorneys' fees and costs.

Granting this relief to the Advantage Defendants is particularly appropriate in this case because it has emerged that Plaintiff's case is completely meritless. On February 24, 2016, the Plaintiff filed its First Amended Complaint, "verified" by the Plaintiff's legal representative, Despoina Bacha. (Id. at 26). (Docket 47). Ms. Bacha swore, under penalty of perjury, that the contents of the First Amended Complaint were "true and correct." Id.

However, the Recommendation demonstrates that the allegations sworn to as "true and correct" by Ms. Bacha were not supported by any

PD.19750437.1

evidence. The Recommendation held that it is "fact that [Plaintiff] has no substantive claim against the Advantage Defendants." (Recommendation, at 25). Throughout her well-reasoned Recommendation, Magistrate Judge Stacy found that Plaintiff's alter ego theory could not stand, finding "no evidence" supporting the Plaintiff's argument for domination and control and "no evidence" that the Advantage Defendants acted to defraud the Plaintiff. (Id. at 17, 21). The Recommendation found that Plaintiff "has not, and cannot" meet its burden against the Advantage Defendants. (Id. at 24). The Recommendation found that Plaintiff relied only on "speculation" and "conclusory and unsupported" allegations, rather than verified facts. (Id. at 17, 12).

It should also be noted that in admiralty cases such as this, this Honorable Court sits in equity. An award to the Advantage Defendants of their attorneys' fees and costs incurred in defending this action would be equitable because Plaintiff sought that relief for itself. The Amended Verified Complaint seeks, in addition to security for the substantive claim, a demand for $200,000 to secure Plaintiff's "Recoverable Legal Fees and Costs" against the Advantage Defendants. (Docket 47, ¶65). Having filed a meritless and unsubstantiated *ex parte* complaint, tied up over $2,000,000 in assets belonging to the Advantage Defendants for over a year, and alleged that the Advantage Defendants are liable to Plaintiff for Plaintiff's own attorneys'

fees, Plaintiff cannot now dispute that it is liable for the costs and fees incurred by the Advantage Defendants in fighting Plaintiff's meritless allegations and obtaining the dismissal of this case.

## CONCLUSION

For the foregoing reasons, Defendants Advantage Arrow Shipping, LLC, Advantage Tankers, LLC, and Advantage Holdings, LLC pray that the Magistrate Judge's Memorandum and Recommendation be adopted in its entirety, but that the matter remain open on the Court's docket and be referred back to the Magistrate Judge for consideration of the Advantage Defendants' request for an award of their attorneys' fees and costs. The Advantage Defendants pray for all other and further relief to which they may be justly entitled.

Respectfully submitted,

s/ *Marc G. Matthews*

_____

Marc G. Matthews
Texas Bar No. 24055921
Federal ID No. 705809
marc.matthews@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS ADVANTAGE ARROW
SHIPPING, LLC, ADVANTAGE**

TANKERS, LLC, ADVANTAGE
HOLDINGS, LLC, AND FORWARD
HOLDINGS, LLC

Of Counsel:

**PHELPS DUNBAR LLP**
Brian D. Wallace (LA Bar No. 17191; Fed. ID 205890)
wallaceb@phelps.com

and

**Watson, Farley, and Williams (New York) LLP**
Neil Quartaro (admitted Pro Hac Vice)
nquartaro@wfw.com
1133 Avenue of the Americas, 11th Floor
New York, New York 10036

## <u>CERTIFICATE OF SERVICE</u>

     I certify that a true and correct copy of the foregoing Partial Objection to Memorandum and Recommendation was filed electronically with the Clerk, with a copy thereof furnished to all known counsel of record electronically by the Clerk or by the undersigned counsel on this the 20th day of July, 2016, as follows:

George A. Gaitas
State Bar No. 24058885
Federal ID 705176
Briton P. Sparkman
Federal ID 1148116
Chalos & Co., P.C.
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-936-2427
gaitas@chaloslaw.com
**Attorneys for Plaintiffs**

s/ *Marc G. Matthews*
_____
Marc G. Matthews