```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
 2                   HOUSTON DIVISION

 3
     ECLIPSE LIQUIDITY, INC., ET AL   *   4:15-CV-01645
 4                                    *
     VS.                              *   10:59 A.M.
 5                                    *
     AVOR NAVIGATION, LTD., ET AL     *   NOVEMBER 23, 2016
 6
                 TELEPHONIC HEARING IN CHAMBERS
 7            BEFORE THE HONORABLE EWING WERLEIN, JR.
                      Volume 1 of 1 Volume
 8
     TELEPHONIC APPEARANCES:
 9
     FOR THE PLAINTIFFS:
10   Mr. George A. Gaitas
     Chalos and Co, PC
11   7210 Tickner Street
     Houston, Texas 77055
12   (713) 936-2427

13   FOR THE DEFENDANTS ADVANTAGE ARROW SHIPPING, LLC;
     ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC; AND
14   FORWARD HOLDINGS, LLC:
     Mr. Neil Quartaro
15   Watson, Farley & Williams, LLP
     250 West 55th Street
16   New York, New York 10019
     (212) 922-2200
17
     Court Reporter:
18   Laura Wells, RPR, RMR, CRR
     515 Rusk, Suite 8004
19   Houston, Texas 77002

20   Proceedings recorded by mechanical stenography.
     Transcript produced by computer-assisted transcription.
21

22

23

24

25

                         Laura Wells, CRR, RDR
```

```
                    TELEPHONIC PROCEEDINGS
           THE COURT:  Hello, Counsel.
           ALL COUNSEL:  Hello.
           MR. QUARTARO:  Good morning, Your Honor.
           THE COURT:  Good morning.
           MR. QUARTARO:  Neil Quartaro here.
           MR. GAITAS:  Good morning, Your Honor.
           THE COURT:  This is Judge Werlein here, and I
have a court reporter here just so I can get all of this
down.
     Let me take appearances for the plaintiff, Tank Punk.
Who is on the phone?
           MR. GAITAS:  George Gaitas, Your Honor.
           THE COURT:  All right.  Thank you.  And for
defendants?
           MR. QUARTARO:  For the Advantage defendants, Your
Honor, Neil Quartaro; Watson, Farley and Williams.
           THE COURT:  All right.  Thank you.  Let's see.
Are there other defendants here, too?  Hello?
           MR. GAITAS:  No, Your Honor, there are no other
defendants that have appeared.
           THE COURT:  All right.  Here is the question I
have.  There is a motion pending to release the substitute
security and one and a half million dollars apparently.
And I gather what has happened, if I can try to summarize
```

*Laura Wells, CRR, RDR*

|       |    |                                                                     |
|-------|----|---------------------------------------------------------------------|
|       | 1  | what I can deduce from all of this, is that this matter             |
|       | 2  | has been resolved in an arbitration of some type, I                 |
|       | 3  | gather, in London, is that right, or Europe somewhere?              |
|       | 4  |     MR. GAITAS:  In London, Your Honor, that's  |
| 11:00:42 | 5 | correct.                                                         |
|       | 6  |     THE COURT:  All right.  And I gather that   |
|       | 7  | whatever liabilities were determined in the arbitration or          |
|       | 8  | arbitral award have now been paid and satisfied?                    |
|       | 9  |     MR. QUARTARO:  Yes, Your Honor, as counsel for |
| 11:00:58 | 10 | the defendants.  I believe it was actually -- and just to       |
|       | 11 | clarify, I think this is the case brought by plaintiff             |
|       | 12 | Tank Punk; and I believe that has settled, Your Honor.             |

*(continuing)*

1  what I can deduce from all of this, is that this matter
2  has been resolved in an arbitration of some type, I
3  gather, in London, is that right, or Europe somewhere?
4          MR. GAITAS:  In London, Your Honor, that's
5  correct.
6          THE COURT:  All right.  And I gather that
7  whatever liabilities were determined in the arbitration or
8  arbitral award have now been paid and satisfied?
9          MR. QUARTARO:  Yes, Your Honor, as counsel for
10 the defendants.  I believe it was actually -- and just to
11 clarify, I think this is the case brought by plaintiff
12 Tank Punk; and I believe that has settled, Your Honor.
13         THE COURT:  Well, that comes to the question that
14 I want to raise.  There are, as I understand it, going
15 back a little ways, there were three different plaintiffs
16 originally in three different actions; and there was a
17 consolidation of those actions into this cause number
18 15-16 -- I'm sorry.  The oldest one was 1645.  And so,
19 there was, I gather, at the time of the consolidation
20 there was this security of a million five or is there a
21 greater amount of security on deposit than this sum?
22         MR. GAITAS:  Judge, it's $1.5 million.  Now it
23 has been whittled down because some of these funds were
24 transferred as security in the Eastern District of Texas
25 with the consent of the parties.  So all there is is

*Laura Wells, CRR, RDR*

$1.5 million.

THE COURT: All right. So I come back then to what is being said here. A formal order has been submitted to me, unopposed amended motion to dismiss and release security. The $1.5 million to be paid to Phelps Dunbar trust account in Houston. And when that is -- and this particular order bears the caption of two cases: 15-1645 and 15-1675.

Now, originally there were three cases consolidated. I thought there were three separate plaintiffs. And I am calling to inquire what has happened to those because there apparently is no record of their having been dismissed or otherwise the claims resolved. And I am -- and as I initially looked at this document I had thought that it would conclude this file completely. And, therefore, final judgment would be entered accordingly.

Now I don't know though because I don't know what happened to the other two plaintiffs and the one other case whose number does not appear on the document given to me.

MR. GAITAS: Your Honor, this is George Gaitas. The other two plaintiffs have brought claims which in the interim while the consolidated case was pending before Your Honor, before your court, were settled. They were paid. So there is no money that the plaintiff is claiming

*Laura Wells, CRR, RDR*

```
               1  in this case or any other plaintiff in this case.  So it
               2  is right.
               3          MR. QUARTARO:  Counsel for the defendant.  I'm
               4  not quite sure that is right, George, because -- I'm
11:04:40       5  sorry, Mr. Gaitas, because the other thing that we're
               6  working on I think we probably ought to let that conclude.
               7  And assuming that does, because I think there is some recs
               8  in there about getting rid of this action, as well.  I
               9  just don't want to cross -- I just don't want to cross
11:04:58      10  wires there.
              11    I think that is going to be successful.  I think we
              12  all think that.  But until it is, I think we probably
              13  ought to let the Tank Punk case go.  I think Eclipse,
              14  which is one of the other plaintiffs, Your Honor, I think
11:05:16      15  that one goes.  And I think counsel and I could --
              16  Mr. Gaitas and I could probably represent to the Court
              17  that we're very hopeful that in the next couple of weeks
              18  -- that less than the next couple of weeks there will be a
              19  resolution on the last one, the Tank Punk claim, that
11:05:34      20  might avoid the Court having to take any other action
              21  other than, if the Court is so inclined, releasing those
              22  funds under the pending unopposed motion.
              23     Does that make sense to you, as well, Mr. Gaitas?
              24          THE COURT:  Well, wait a minute.  Because you
11:05:52      25  mentioned leaving in place the Tank Punk.  Tank Punk is
```

*Laura Wells, CRR, RDR*

1 the name that appears here.  There is Eclipse was one
2 case.  Then there was apparently Psara Energy is another
3 plaintiff; is that correct?  And then --
4             MR. QUARTARO:  I'm sorry, Your Honor.  I may have
5 misspoke.  I meant the Psara one.  I think what we put in
6 gets rid of Tank Punk with a couple of different
7 consolidated actions; and to be honest, Your Honor, I get
8 confused myself.
9             THE COURT:  Well, I'm not sure what I'm left with
10 if -- it seems to me what you all need to do is to file
11 something -- perhaps make this -- you have an unopposed
12 amended motion already.  But you see, it still does not --
13 a record when one picks up the file or the Court picks up
14 the file is not clear on these matters.  And apparently
15 you all are not entirely resolved yourself with respect to
16 Psara.  Although, you are both optimistic it's going to
17 conclude if it hasn't been.
18      But I need to have something that disposes of all
19 parties and all claims in order to enter a final judgment.
20 I'm happy to put this money out as everybody agrees.  I
21 understand all parties have agreed, including all
22 defendants in this matter; is that correct?
23             MR. QUARTARO:  Yeah.  I believe so, Your Honor.
24             MR. GAITAS:  Your Honor, the thing is that each
25 one of these cases that was a particular claim for unpaid

*Laura Wells, CRR, RDR*

        1   charter hire, all of these claims have been satisfied.
        2   There is nothing outstanding in the case which you have --
        3   in any of the three cases you have before you, Your Honor.
        4   There are other cases and controversies in other
11:08:08    5   districts, namely the Psara claim; but it concerns other
        6   charter hires, other obligations that accrued after we
        7   filed the attachment cases in the Southern District of
        8   Texas.
        9        So there is no objective -- there is no case in
11:08:28  10   controversy before Your Honor. It is all settled. We
       11   don't have a dog in this fight anymore because we are not
       12   holding on to any money. We want to release it.
       13           THE COURT: All right. Is that your
       14   understanding, Mr. Quartaro?
11:08:46  15           MR. QUARTARO: Well, I think -- I think our
       16   issue, to put a very fine point on it -- and I apologize.
       17   I'm probably going to have a little bit of background
       18   noise in a minute as my 12-year-old jumps in my van. I
       19   have kid pick up and other running around that I'm doing
11:09:02  20   unfortunately.
       21        But our issue, to put a very fine point on it, is we
       22   have got this important recommendation that's sitting out
       23   there right now; and if as hoped everything is wrapped up,
       24   we can just stip to shut down the entire case. What we
11:09:25  25   don't want to have -- and there is a dispute. To be -- I

1  want to be very, very fair to Mr. Gaitas here.  He may
2  have a comment on this, as well.
3        But I think the parties' dispute, whether or not the
4  report and recommendation, I think the parties dispute
5  which parties -- which plaintiffs should properly be on
6  the caption for the report and recommendation.  And that's
7  a live issue as long as this last Psara claim remains out
8  there because there is another action up in Philadelphia
9  and there is some other stuff going on.
10       That said, I think Mr. Gaitas and I are very hopeful
11  that that is going to get wrapped up within the next ten
12  days or so.  I believe -- and, please, Mr. Gaitas jump in
13  if you think I have any of this [phone connection
14  disrupted] and Eclipse are -- there is no controversy on
15  those.  There is no disagreement.  So those most certainly
16  can go.
17            MR. GAITAS:  Well, I have to repeat what I said.
18  There is no controversy in the Southern District of Texas.
19  We're not claiming any money in the Southern District of
20  Texas.  There is no outstanding claim in the Southern
21  District of Texas for any of these parties.
22            THE COURT:  And when you say that, you are
23  speaking for all three plaintiffs in all three
24  consolidated cases before me?
25            MR. GAITAS:  Yes, Your Honor.  Because the claims

*Laura Wells, CRR, RDR*

```
             1  that were raised with each one of these complaints have
             2  been settled.  They have been funded.  So there is no
             3  point in resolving the case that's become -- all three
             4  cases before Your Honor has become moot.
11:11:16     5          THE COURT:  Well, then in these --
             6          MR. QUARTARO:  I'm sorry.  Isn't there security
             7  remaining before Your Honor in the Psara case?
             8          THE COURT:  I do not --
             9          MR. GAITAS:  We have authorized the release and
11:11:31    10  everybody can sign on an application to have it released.
            11          MR. QUARTARO:  I believe that's Tank Punk, not
            12  Psara.
            13          MR. GAITAS:  Psara has been paid.  Psara is not
            14  claiming any part of that.  He has ceased claiming since
11:11:51    15  November of last year when they were settled with their
            16  outstanding hires.  They are never claiming anything since
            17  then.  It's Tank Punk that sought to attach the funds in
            18  the register of the Court, and that's what the Court has
            19  before it now.  Now with Tank Punk's claim being
11:12:10    20  satisfied, we're done.  We're claiming nothing.
            21          THE COURT:  Mr. Gaitas signed the motion saying
            22  that the amount retained now after that other sum was
            23  disbursed elsewhere is $1,517,200 and he has proposed --
            24          MR. GAITAS:  Yes, Your Honor.
11:12:32    25          THE COURT:  He is proposing that that all be
```

*Laura Wells, CRR, RDR*

|  |  |
|---|---|
|  | 1  released to Advantage Tankers; Advantage Arrow Shipping, |
|  | 2  LLC; Advantage Holdings and Forward Holdings, the |
|  | 3  defendants.  I gather those are the defendants that posted |
|  | 4  the security; is that correct? |
| 11:12:59 | 5           MR. QUARTARO:  Yes, Your Honor. |
|  | 6           MR. GAITAS:  That's correct, Your Honor. |
|  | 7           THE COURT:  What about these other defendants |
|  | 8  named on the style of this case?  Are they separately |
|  | 9  represented, or do they have any stake in this deposit? |
| 11:13:15 | 10          MR. GAITAS:  No, Your Honor.  They have not |
|  | 11 appeared.  They have not appeared. |
|  | 12          THE COURT:  So this disposes then of all parties |
|  | 13 who have been served and appeared in this case? |
|  | 14          MR. GAITAS:  Yes, Your Honor. |
| 11:13:28 | 15          MR. QUARTARO:  I believe that's correct, Your |
|  | 16 Honor.  Yeah. |
|  | 17          THE COURT:  Well, then if I -- and if I sign or |
|  | 18 if I modify and sign this order, then I would be able at |
|  | 19 that time to enter, as well, a final judgment dismissing |
| 11:13:51 | 20 on the merits all claims of Tank Punk, Eclipse and Psara |
|  | 21 made in this -- these three consolidated actions and based |
|  | 22 upon the resolution of the dispute separately in |
|  | 23 arbitration and that the remaining amount on deposit and |
|  | 24 any interest accrued on that in the registry of the Court |
| 11:14:31 | 25 would be paid to and returned to Phelps Dunbar trust |

*Laura Wells, CRR, RDR*

```
            1   account for defendants' account.
            2        Is that a correct summary of where we are?
            3             MR. GAITAS:  I think so, Your Honor.
            4             MR. QUARTARO:  Your Honor, I believe that -- I
11:14:44    5   believe that will -- I believe that will work, Your Honor.
            6             THE COURT:  And you are satisfied with that now,
            7   as well, you say, Mr. Quartaro?
            8             MR. QUARTARO:  Yeah.  I think we can -- I think
            9   we can live with that, Your Honor.
11:15:01   10             THE COURT:  All right.  Well, I don't know what
           11   else -- you know, when the plaintiff or Mr. Gaitas
           12   represented all three of these different plaintiffs and
           13   when he says he doesn't have any claim left, then there is
           14   no reason for me to have a case left.
11:15:16   15             MR. QUARTARO:  Well, no, I understand that, Your
           16   Honor.  Our concern is, as I've said, I -- we are very
           17   optimistic that the Psara issue is going to go away within
           18   the next week or two.
           19             THE COURT:  But that has to do -- as I understand
11:15:30   20   it, that issue has to do with other claims in another
           21   district, not a claim before me; is that correct?
           22             MR. GAITAS:  That's correct, Your Honor.
           23             MR. QUARTARO:  Well, I think that's -- I think
           24   Mr. Gaitas would take that position.  I think our position
11:15:44   25   would be that depending on what happens with the R and R
```

*Laura Wells, CRR, RDR*

```
11:16:02
11:16:28
11:16:49
11:17:12
11:17:33
```

1  that may well have a collateral estoppel or res adjudicata
2  effect.  That's -- that's, to put a very fine point on it,
3  that from defendants' standpoint is the sole remaining
4  issue.
5              THE COURT:  Well, I don't have any -- I don't
6  have any pleading to support an issue there or any claim
7  and Psara is saying it has no claim here.  So I don't
8  understand what defendants are claiming against Psara.
9              MR. QUARTARO:  Well, what defendants' -- what
10 defendants' issue is is that the almost identical
11 constellation of parties commencing with Psara as
12 plaintiff have brought a parallel litigation in
13 Philadelphia.  We believe that following the Court's
14 correction of the caption on the R and R -- to the report
15 and recommendation pending before Your Honor that that R
16 and R should resolve the suit and the arguments for and
17 against adoption are before Your Honor.  But should it be
18 adopted would have a res judicata or collateral effect on
19 other actions.
20      Rather than get into that sort of now, our argument
21 before Your Honor -- and Mr. Gaitas has the opposite
22 argument -- is that because there was no Rule 41 dismissal
23 by that plaintiffs that they are bound by the R and R if
24 it is adopted by the Court.
25           If settlement discussions somehow crater, that would

be the -- we believe that would be a significant argument in the other districts where in our view -- and I believe plaintiff has a different view -- but in our view very similar if not identical factual and legal allegations have been made.

So that, to put a very fine point on it from the defendants' standpoint, is the issue. It may be -- and just, you know, throwing it out as a thought, it may be that the Court could see its way clear to act on the pending Tank Punk motion that's before Your Honor with the expectation that by November 30 we will have clarity on the Tank Punk issue and it may be that at that point Mr. Gaitas and I can simply agree, yes, that one goes too and then the Court is free to enter a final judgment and will not have to address the issue of the R and R, the objections to it and there might be one or two other things that remain before the Court.

At that point, we could tie that up, Christmas season being upon us, with a bow and dispose of everything that would remain before Your Honor. Just a suggestion.

THE COURT: Well, I would just as soon leave the money in the registry of the court for another week if you are going to do all this and everybody is going to be happy by November 30.

Another thought would be instead of saying a judgment

*Laura Wells, CRR, RDR*

```
11:19:25
```

1  dismissing with prejudice plaintiffs' claims, simply
2  dismiss on settlement announcement through the arbitral
3  awards elsewhere entered that these cases, the three
4  plaintiffs here, are dismissed without prejudice and the
5  money is returned to the defendants.
6          MR. QUARTARO:  Well, I think from defendants'
7  standpoint the two issues that that raises are, one, the
8  availability of those moneys to fund a prospective
9  settlement.  We would be very grateful if Your Honor would
10 consider entering an order releasing those funds, that
11 issue being entirely uncontested, as soon as the Court has
12 an opportunity to do so.
13    We are on a fairly tight timeline trying to get
14 something done and funded.  So that would be greatly
15 appreciated.
16      If the Court's position is that it makes the most
17 sense to tie this up completely with one order at this
18 point, then I think defendants' preference would be Your
19 Honor's first suggestion, which would be to do so with the
20 dismissal with prejudice and grant the Tank Punk motion to
21 disburse the attached funds.  I think given the options
22 that would be -- respectfully, that would be our
23 preference.
24          MR. GAITAS:  That would be our preference, also,
25 Your Honor, that all three cases be dismissed with

*Laura Wells, CRR, RDR*

|  |  |
|---|---|
| | 1  prejudice and the defendants get their money and we |
| | 2  finish.  Otherwise, we're mixing different cases in |
| | 3  different districts for different claims between different |
| | 4  parties and that would be unfair to impose the burden, |
| 11:20:56 | 5  Your Honor, to grant an advisory opinion, what would |
| | 6  become in effect an advisory opinion.  There is no case |
| | 7  for controversy before the Court because plaintiff no |
| | 8  longer holds onto the money, has released the claim. |
| | 9         THE COURT:  Well, then, wouldn't it be proper for |
| 11:21:14 | 10 me to caption this not just Tank Punk but also Eclipse and |
| | 11 Psara and Tank Punk, all three cases and all three numbers |
| | 12 that were consolidated, and proceed with that dismissal |
| | 13 and, also, the release of the funds to Phelps Dunbar for |
| | 14 the defendants? |
| 11:21:38 | 15        MR. QUARTARO:  Respectfully, Your Honor, I think |
| | 16 that's exactly -- I think that is exactly what we would |
| | 17 need because there is no other dismissals on the record. |
| | 18 And so, if Your Honor was thinking about what the clerk's |
| | 19 office might do if Your Honor was to caption it that way, |
| 11:21:54 | 20 I think that would dispose of all three consolidated |
| | 21 actions in one fell swoop. |
| | 22        MR. GAITAS:  Yes, I agree. |
| | 23        THE COURT:  All right.  Both sides agree.  All |
| | 24 right.  I'll do it in that fashion.  I think -- I think |
| 11:22:08 | 25 that that will clarify that all three cases have been |

*Laura Wells, CRR, RDR*

resolved in this court and that by reason of other proceedings -- other proceedings elsewhere and that these funds are now discharged released to the defendants. All right.

11:22:26        MR. GAITAS:  Thank you, Your Honor.

        MR. QUARTARO:  Thank you, Your Honor.  That's a dismissal with prejudice, Your Honor?

        THE COURT:  Yes.  That will be with respect to the claims of all three cases, consolidated and this.

11:22:41        MR. QUARTARO:  Thank you very much, sir.

        MR. GAITAS:  Thank you, Your Honor.

        THE COURT:  Thank you both.  Happy Thanksgiving.

    (Proceedings concluded at 11:22 a.m.)

*Date: November 28, 2016*

### COURT REPORTER'S CERTIFICATE

*I, Laura Wells, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*


                */s/ Laura Wells*
                *Laura Wells, CRR, RMR*